Judge Trimble,
delivered the following opinion of the courtThe appellee exhibited his bill against the aPPe^antr Margaret, as heir at law to James Harrod, in. which he charges that a division line was agreed upon, between himself and James Harrod, in his life time, be-f°re t^le*r respective claims were surveyed ; that the line so agreed upon, was to be an east and west line, to be run from a point 50 poles north of Cowan’s house ; Cowan employed a deputy surveyor to make his survey, and gave James Harrod notice, who attended on the day the survey of Cowan was made ; that the surveyor began at a hickory, standing at the point 50, poles north from Cowan’s house, and run thence west to the north-west corner ; thence south ; thence east, and , thence north, until the proper distance was obtained ; and supposing they were in the same latitude with the hickory sapling (and north-west corner), the surveyor made the north-east corner of the survey ; and that the surveyor, in returning his plat and certificate of survey, called for the north-west corner of the survey as the beginning, instead of calling for the hickory, standing in the northern line, at which the survey was really begun, as the beginning ; and that the survey returned, after describing the boundary until it reaches the north-east corner, calls to run thence to the beginning.
The bill further suggests, that the surveyor made a mistake in supposing, that where he made the north-east corner, he was in the same latitude with the hickory and north-west corner ; but that the north-east corner ought to have been placed 14 poles further north, so as that a right line, run from it to the north-west corner, would pass by the hickory. The bill states that the line from the hickory to the north-west corner, was marked ; but that the line from the north-east corner to the hicltory, was neither run nor marked, but was left an open line.-'
The bill further charges, that Harrod’s survey was af-terwards made, adjoining to, and calling for Cowan’s line ; that patents have issued, both to Harrod and Cow-an ; that Cowan is entitled to the land as far as the division line, although outside of his actual survey, but that Harrod’s heir claims the land agreeable to the ac *543 tual survey of Cowan, and will not permit him to extend his north-east corner, so as that a right line west therefrom, to the north-west corner, will pass the hickory aforesaid. Wherefore, the bill pra) s that the survey may be corrected ; and that he may be permitted to hold beyond his actual survey, as far as the division line agreed on, &c.
The infant heir answered by her guardian : depositions were taken ; and upon the hearing of the cause, the court decreed that a new corner should be made for Cowan, 14 poles north of the corner made for his original survey ; that a due west line should be run from thence, passing the place where the hickory stood, to the north-west corner, agreeably to the division line ; and that Harrod’s heir should convey, &c. From this decree, Harrod’s heir appealed to this court.
Taking the whole of the complainant’s allegations to be fully established, it seems to us he has made out no ground for relief in a court of equity. He does not pretend that Harrod was guilty of any fraud, or that he had contributed to, or caused the alleged mistake. The surveyor was under Cowan’s own directions, net under Harrod’s. The mistake is a trivial one, and such as can be accounted for by the ordinary inaccuracy of ad-measurement, occasioned by uneavenness of the ground, &c. Cowan has sustained no injury thereby ; for it appears he has got his quantity in his actual survey. But admitting he had not, we are of opinion he ought not to be permitted to tanscend the boundary of his actual survey, and his marked corner, unless Harrod had been guilty of fraud, in procuring the corner to be improperly marked, which is not pretended.
The precedent would be a very dangerous one ; and it is not easy to suggest all the mischiefs that would be produced by permitting the party to establish by parol, after obtaining a grant, a boundary beyond his survey, upon an alleged mistake of the surveyor.
The only question which can, or ought to be decided between the parties, is a mere question of boundary, according to their respective surveys of boundary. A question exclusively proper for the determination of a jury in a trial at law ; but by no means a fit subject for a court of equity. We are, therefore, of opinion, the decree of the inferior court is erroneous.
Decree reversed.
Bridges, for the plaintiff.